LUCIUS BEEBE & SONS, INC. *vs.* GEORGE M. WASON & another.

Suffolk.. November 13, 1930. — January 26, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Ordering verdict, Exceptions, Report. *Assignment. Contract,* Construction.

At the trial of an action of contract, the plaintiff saved an exception to the admission in evidence of a certain instrument. At the close of the evidence, the judge allowed a motion by the plaintiff that "upon all the evidence a verdict be directed in . . . [his] favor," and reported the action for determination by this court by "agreement of the parties" upon the following terms: "If the court was in error in directing a verdict for the plaintiff on all the evidence, judgment is to be entered for the defendant; otherwise judgment on the verdict." *Held,* that the plaintiff's exception to the admission of the instrument in evidence was not open on the report; the report was intended to present the action to this court upon the same basis on which it was presented to the trial judge, that is, on all the evidence and not merely on all the competent evidence.

A creditor of a partnership in the sum of $10,000 received from a second creditor, to whom was owed over $12,000 and who was threatening legal proceedings, an assignment of his claim, paying to the second creditor $4,000, the debtor knowing of the transaction. Thereafter, the debtor, after paying the first creditor over $5,400, without his knowledge paid the second creditor the balance of the second creditor's claim, learning which the first creditor brought an action of contract against the second creditor for the amount of the claim assigned to him which he had not, but the second creditor had, received. At the trial of the action, there was evidence that the plaintiff took the assignment both to enable the debtor to continue in business and to pay the plaintiff's debt and because he expected to realize on the assigned account more than the $4,000 which he had

paid. There was also evidence that the $4,000 was paid by the plaintiff to the debtor, who delivered it to the defendant, the second creditor, to procure the release of an attachment and removal of a keeper then on the debtor's premises, and that thereafter the debtor made arrangements with the defendant for payment of the balance of his claim. The judge ordered a verdict for the plaintiff and reported the action. *Held*, that

(1) While on the evidence the jury would have been warranted in finding that the plaintiff, by paying that sum and receiving the assignment, purchased the account assigned for himself, which would have required a verdict for the plaintiff, on the other hand they would have been warranted in finding that the $4,000 paid by the plaintiff was a loan to the debtor for which the assignment was security and that, when the loan was paid, the assignment was of no further effect, which would have required a verdict for the defendant;

(2) There being evidence warranting a finding for the defendant, the verdict should not have been ordered for the plaintiff.

CONTRACT. Writ dated May 10, 1926.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is described in the opinion. The judge ordered a verdict for the plaintiff in the sum of $9,700, and reported the action for determination by this court.

*G. Alpert*, for the defendants.

*J. M. Kendricken*, for the plaintiff.

PIERCE, J. This is an action of contract. The declaration is in two counts, the first alleging that the Robinson Shoe Manufacturing Company owed the defendants on an open account $12,151.06; that in consideration of $4,000 paid to the defendants by the plaintiff the defendants made an assignment of said account to the plaintiff; that thereafter the defendants collected from the said Robinson Shoe Manufacturing Company the balance of said account and retained the proceeds thereof refusing to pay them to the plaintiff. The second count is for money had and received. The answer is a general denial. In the Superior Court the case was tried to a jury. At the conclusion of the evidence the plaintiff presented a motion that upon all the evidence a verdict be directed in its favor. The motion was allowed subject to the defendants' exceptions. The trial judge reported the case to this court upon the following terms agreed to by the parties:

" If the court was in error in directing a verdict for the plaintiff on all the evidence judgment is to be entered for the defendant, otherwise judgment on the verdict."

The evidence warranted the jury in finding the following facts: In November, 1924, the Robinson Shoe Manufacturing Company, a copartnership, was indebted to the defendants, a copartnership, in the sum of $12,151.06 on an open account, and on the same date was indebted to the plaintiff, a corporation, in the sum of $10,000. Arthur Robinson, a partner in and representing the Robinson Shoe Manufacturing Company, told Junius Oliver Beebe, assistant treasurer of the plaintiff corporation, that " there was a suit threatened by the . . . [defendants] against him unless he did something to take care of that open account "; that " one of the means by which he proposed to take care of the demand of the Wason Company was to get $4,000 from the plaintiff." Beebe testified that it was for the plaintiff's interest to keep the Robinson Shoe Manufacturing Company going with the hope that it would be able sometime to pay the plaintiff the $10,000 then owed and that it might meet its obligations in the ordinary course of business. The plaintiff assented to Robinson's suggestion that $4,000 of the plaintiff's money should go over to the Wason Heel Company in return for an assignment of the open account of Robinson Shoe Manufacturing Company. The evidence warranted the further finding that the sole purpose of the plaintiff in giving Robinson the $4,000 check was not to enable the Robinson Shoe Manufacturing Company to go along unhampered by the demands of the Wason Heel Company, *i.e.* the plaintiff had another and additional reason, which was that the account to be assigned was worth more than the price the plaintiff was asked to pay for it, and that it expected to realize on it in excess of the $4,000 because it believed the $12,000 open account could be collected.

The evidence would have warranted the jury in finding a somewhat different state of facts, such being that the defendants brought an action upon their claim against the Robinson Shoe Manufacturing Company, made an

attachment of its property, and put a keeper in the shoe company's place of business; that thereafter Arthur R. Robinson, one of the defendants in said action, called at the plaintiff's place of business, told the plaintiff's officers that his firm owed the defendants twelve thousand odd dollars; that the defendants had put a keeper in his place of business; that his firm was in danger if the keeper remained there or if the defendants further prosecuted their action to collect the account; that the defendants had under attachment more than enough property to satisfy their claim in full; thåt it was essential and necessary to his own well being that this matter be composed in such a way that the defendants might be satisfied and the Robinson company relieved of the keeper who was then upon the premises interfering with the work; that thereupon the plaintiff, through its assistant treasurer, Beebe, gave Robinson a check for $4,000 which Robinson handed over to one of the defendants in return for an assignment to the plaintiff of the defendants' open account with the Robinson Shoe Manufacturing Company which reads as follows: " Dated at Haverhill, Mass. this 14th day of Nov. 1924.   IN CONSIDERATION of $4,000.00 and other valuable consideration, receipt of which is hereby acknowledged, the undersigned hereby sells, assigns and sets over to LUCIUS BEEBE & SONS, INC. its successors or assigns, all its right, title and interest in and to the open account of ROBINSON SHOE MFG. CO., at Georgetown, Mass. amounting to $12,151.06.   (signed) Wason Heel Co.   Earle B. Wason."

The evidence warranted the further finding that the defendants on the receipt of the $4,000 took the keeper out, and that Robinson, since the assignment was taken, has paid the plaintiff $4,000 and $1,481.90, and the balance of the account he paid the defendants without the plaintiff's knowledge.   As respects the payment to the defendants, the evidence warranted the finding that the Robinson Shoe Manufacturing Company on February 27, 1925, gave to the defendants the instrument which follows: " We, the undersigned, agree to the following pay-

ments on our indebtedness to the Wason Heel Company: On the amount of $6,000.00 we will pay to George M. and Earle B. Wason the sum of $100.00 weekly, each Saturday beginning March 7th, 1925, and every week thereafter until the amount of $6,000 has been paid. On the current account of the Wason Heel Company, we agree to pay on the 10th and 25th of every month all bills contracted up to that date." If it be assumed the exception taken by the plaintiff to the introduction of the above instrument is not waived, it is plain that matter was not open on the report. *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 269–270. The presiding judge, on motion of the plaintiff that " upon all the evidence a verdict be directed in its favor" allowed the motion and saved the defendants' exception. He then by " agreement of the parties " reported the case upon the following terms: " If the court was in error in directing a verdict for the plaintiff on all the evidence judgment is to be entered for the defendant, otherwise judgment on the verdict." As the allowance of the motion of the plaintiff was based on all the evidence and not on all the competent evidence, it is plain the report was intended to present the case to this court on the same footing on which it stood before the judge on the presentment of the motion.

The evidence warranted the more specific finding that between November 14, 1924, the date of the assignment, and February 27, 1925, the date of the instrument above quoted, the Robinson Shoe Manufacturing Company paid the defendants $2,000 in addition to the $4,000 received from the plaintiff; that at the time of the delivery of the agreement, *supra,* over $6,000 remained unpaid on the $12,000 account; and that thereafter the Robinson Shoe Manufacturing Company paid the defendants weekly $100 until April 21, 1926. The evidence warranted the further finding that the reason the Robinson Shoe Manufacturing Company paid the defendants was because it did not want them to lose anything on the account and wanted to pay them in full, notwithstanding the assignment to the plaintiff, and Robinson told the defendants at the

time of the drafting of the assignment that he thought he could do it.

If the jury should find on the facts that the assignment was taken to protect the Robinson Shoe Manufacturing Company and that the $4,000 paid was in effect, and was intended to be, a loan to that company, it is plain its debt was extinguished with its payment of the $4,000 as against the defendants and the plaintiff; and if the debt were extinguished as to the Robinson Shoe Manufacturing Company the plaintiff perforce of the assignment had no right thereafter to demand of the defendants any money which the Robinson Shoe Manufacturing Company should pay the defendants in pursuance of its promise to pay them, notwithstanding their assignment of the account. On the other hand, if the jury on the evidence found, as they properly might do, that the "open account" was sold to and bought by the plaintiff for itself and not for the use and protection of the Robinson Shoe Manufacturing Company, then it is obvious that the plaintiff was entitled to recover as for money had and received to its use the amount of the agreed damages, $9,700. We think the inferences of fact which properly could have been drawn by the jury might reasonably have resulted in a verdict for the defendants, and further think the evidence should have been submitted to the jury with proper instructions. It follows from the terms of the report that judgment is to be entered for the defendants.

*So ordered.*